UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:16-CR-100 JD |
| JOSEPH ANTONIO WILLIAMS | |

## OPINION AND ORDER

Defendant Joseph Williams is serving a 188-month term of imprisonment for possessing a firearm as a felon and possessing cocaine with intent to distribute it. He is housed at FCI Terre Haute and has a scheduled release date in 2030. Mr. Williams moved for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) due to the Covid-19 pandemic. The Court referred Mr. Williams's motion to the Federal Community Defenders which declined to represent him. The government is opposing the motion on the ground that Mr. Williams had failed to exhaust his administrative remedies before filing the motion with the Court.

A court generally cannot modify a sentence once the sentence has been imposed. 18 U.S.C. § 3582(c). However, an exception to the general rule allows a court to modify a sentence, after considering § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction," the reduction is consistent with policy statements issued by the Sentencing Commissions, and the defendant has submitted such a request to the warden at least 30 days before filing a motion or has fully exhausted all administrative rights within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The application notes to the Sentencing Guidelines offer some examples of when extraordinary and compelling reasons may be present. Those include

when the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the prison. U.S.S.G. § 1B1.13 n.1.

There's no indication in Mr. Williams's motion that he had first filed his request with the Bureau of Prisons ("BOP") or that he had otherwise exhausted his administrative remedies. In fact, the government's brief states that the BOP has no record of any request for reduction of sentence from Mr. Williams. Without first filing the request with the BOP, and without the government's waiver for this requirement, Mr. Williams's motion must be denied at the outset. *See United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020) ("The First Step Act amended § 3582(c)(1)(A) to permit an inmate to move for compassionate release as long as he exhausted his administrative appeals or the facility's warden did not respond to his compassionate-release request within 30 days. . . . This exhaustion requirement is a mandatory claim-processing rule. Waiver cannot apply here because the government timely objected to Williams's failure to exhaust at every opportunity." (citations omitted)). After all, there are good reasons for the exhaustion requirement as it gives the initial review to the BOP, which has considerable expertise concerning both the inmate and the conditions of confinement. This makes good sense any day but especially during a pandemic.

However, the exhaustion requirement is not jurisdictional, *see United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020), so, while the Court could dismiss the motion without prejudice and allow Mr. Williams to first petition the BOP, the grounds for his motion are so deficient that the Court would be sending him on a pointless endeavor. Mr. Williams will be better served if the Court does the inevitable and denies his motion not only on procedural grounds but also on its merits.

First, the Court does not find that extraordinary and compelling reasons warrant a reduction in Mr. Williams's sentence. In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individual's particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020); *see also United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic).

Mr. Williams is 32 years old. He claims he has an irregular, slow heartbeat and that, "if [he] contacts Covid-19 again, it could be deadly." (DE 173 at 1.) He says he is concerned with the infection outbreaks at the prison. He also says he has no disciplinary incidents, has completed drug rehabilitation classes, is a mentor for suicidal inmates, and works at Unicor. With his motion, Mr. Williams attached a lab report stating that he had tested positive for Covid-19 three months before filing the motion. He asks the Court to reduce his sentence to 120 months of imprisonment, which would give him an out-date around 2025.

Mr. Williams's motion fails to meet the requirements for a sentence reduction. To begin with, since Mr. Williams had already been infected with Covid-19, he is likely to have immunity for some time.[1] Moreover, Mr. Williams is only 32 years-old, which puts him in a lower risk category of people to suffer severely from Covid-19. The CDC reports that the greatest risk of severe illness is among those aged 85 or older and the steepest growth in mortality rate does not occur until a person has reached 65 years old.[2] And while Mr. Williams states that he has a heart condition, it's not at all clear how serious that condition is, as he has not backed up his claim with any medical records. Finally, it doesn't appear that Mr. Williams himself believes that he's in immediate danger because is not requesting immediate release but a shortening of his sentence that would give him an out-date sometime around 2025.

In addition, though Mr. Williams criticizes the way his facility and the BOP has handled the virus, the BOP has implemented several precautions to help mitigate the spread. Of course, these precautions cannot guarantee that the number of infected inmates will not increase in the prison, and some prisons have experienced outbreaks despite those precautions. But, given all of Mr. Williams's circumstances, the Court cannot find that extraordinary and compelling reasons warrant a sentence reduction.

The consideration of § 3553(a) factors further favors the denial of his motion. The Court is glad that Mr. Williams has a job in prison, that he is a mentor to suicidal inmates, and that he has tackled drug addiction problems. These achievements are worthy of recognition. But §

---

[1] *See* Immunological memory to SARS-CoV-2 assessed for up to 8 months after infection https://science.sciencemag.org/content/early/2021/01/06/science.abf4063 (a study finding that Covid-19 immunity may last at least for eight months) (last visited January 15, 2021).

[2] *See Your Health: Older Adults: At greater risk of requiring hospitalization or dying if diagnosed with COVID-19*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html, (last updated December 13, 2020).

3553(a) requires that all sentencing factors be taken into account. And here, the nature and circumstances of his offense were serious, involving possession of a firearm by a felon and possession of cocaine with intent to distribute it. In fact, Mr. Williams was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three prior Indiana convictions: burglary, robbery, and dealing cocaine. These prior convictions are indicative of Mr. Williams's criminal tendencies and reflect a high risk for recidivism. Under those circumstances, the Court does not find that the § 3553(a) factors support a reduction in sentence for Mr. Williams.

For those reasons, the Court DENIES Mr. Williams's motion for reduction in sentence (DE 173).

SO ORDERED.

ENTERED: January 19, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court