UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No. 3:16-CR-100 JD

JOSEPH ANTONIO WILLIAMS

## OPINION AND ORDER

Defendant Joseph Antonio Williams filed a motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence by a person in federal custody. He argues that his trial and appellate

attorneys provided him with ineffective assistance of counsel. In particular, Mr. Williams

submits that his trial attorney made him believe that, despite his guilty pleas to the charges in the

indictment, he could appeal a denial of his motion to suppress. In addition, he faults his appellate

counsel for failing to challenge the denial of the motion on appeal. For the reasons explained

below, the Court will deny Mr. Williams's § 2255 motion.


### A.  Procedural Background

In December 2016, the grand jury charged Defendant Joseph Antonio Williams with

being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1). The indictment

was based upon the following events:

In 2016, officers from the Michigan City Police Department ("MCPD") set up an

undercover drug transaction to take place at a corner store in Michigan City, Indiana. MCPD

Detective Al Bush was in charge of video-taping the encounter and verifying the safety of the

confidential informant. During the controlled buy, the CI purchased $200 worth of cocaine from

a black male known only to officers as "Eric," whom the officers later identified as Mr.

Williams. After the drug deal took place, the officers did not intend to immediately arrest Mr.

Williams. Rather, Detective Bush continued to watch him to gain more information about him,

including his identity. Mr. Williams proceeded to a home at 1208 Kentucky Street. Detective

Bush saw him grab a white plastic chair, place it underneath a window, stand on the chair, and

remove a screen from the window. Detective Bush then contacted his commander, Sergeant Ken

Drake, to report what he thought was a burglary in progress. When Mr. Williams saw the

responding officers, he ran and refused the commands to stop. One of the officers caught up with

him, tased him, and brought him to the ground. Mr. Williams was advised that he was seen

trying to break into a house, to which Mr. Williams responded that the Kentucky Street home

belonged to his grandmother. (His grandmother later told one of the officers that she had asked

him to fix the window screens earlier that day.) During the detention, they found a gun on Mr.

Williams. The officers discovered that Mr. Williams had three outstanding warrants for his arrest

and took him to the MCPD.  (DE 78, Op. & Order at 1–4.)

In April 2017, Mr. Williams's first attorney withdrew due to a break-down in their

attorney-client relationship. The Court then appointed a new attorney who, in May 2017, moved

to suppress evidence of a gun found during his arrest, arguing that the officers had no probable

cause to arrest him. Shortly after the motion was filed, Mr. Williams began filing various

motions on his own. The second attorney withdrew in June 2017, and the Court appointed

attorney Philip Skodinski to represent Mr. Williams. Eventually, Mr. Williams requested to

proceed pro se, but agreed, at the Court's recommendation, to Mr. Skodinski acting as a "stand-

by" counsel.

At the suppression hearing, held over two days in July and August 2017, Mr. Williams

represented himself with Mr. Skodinski acting as a "stand-by" counsel. On August 22, 2017, the

Court denied the suppression motion, finding that the arresting officers acted lawfully and that, in any case, the attenuation doctrine precluded suppression. (DE 78.)

In October 2017, the grand jury returned a superseding indictment against Mr. Williams, adding a charge of possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). After several continuances, the case proceeded to a final pretrial conference where Mr. Williams notified the Court that he intended to plead guilty. On February 20, 2018, Mr. Williams pleaded guilty to both counts of the superseding indictment, without any plea agreement with the government. Mr. Williams's guilty plea was unconditional. Mr. Skodinski had renewed representation of Mr. Williams by the time of the change-of-plea hearing.

The Court sentenced Mr. Williams to 188 months of imprisonment on each conviction, to run concurrent with each other. Mr. Williams appealed his sentence, arguing that the Court erred by sentencing him under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three prior Indiana Convictions: burglary, robbery, and dealing cocaine. The Court of Appeals for the Seventh Circuit affirmed the sentence. *United States v. Williams*, 931 F.3d 570 (7th Cir. 2019).

Mr. Williams then filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. In the motion, he raises two issues. First, he claims that his trial counsel was ineffective. In particular, he submits that his trial counsel convinced him to plead guilty to the charges against him with the understanding that he could nevertheless appeal the denial of his motion to suppress. However, according to Mr. Williams, his counsel "made no such arrangement in the plea." (DE 181, Def.'s § 2255 Mot. at 4.) Second, Mr. Williams insists that his appellate counsel was equally ineffective because, despite Mr. Williams's insistence to challenge the denial of motion to suppress, he failed to do so. For the reasons explained below, the Court will deny Mr. Williams's motion.

**B. Discussion**

Mr. Williams argues that he received ineffective assistance of counsel from his attorney, Philip Skodinski. The Sixth Amendment provides a criminal defendant with the right to counsel, U.S. Const. amend. VI, and "inherent in this right is that the defendant is entitled to the effective assistance of counsel." *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (citation omitted). In order to prevail on his claim for ineffective assistance of counsel, Mr. Williams must establish (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The first prong of the *Strickland* analysis requires that the Court determine if counsel acted "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons*, 639 F.3d at 351 (citing *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011)). Furthermore, the Court "maintain[s] a strong presumption that the defendant received effective assistance," *Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003), and that the challenged conduct "might be considered a sound trial strategy." *Strickland*, 466 U.S. at 689 (citation and quotation omitted).

The second prong of the *Strickland* analysis requires that there be a "reasonable probability that, but for the ineffective assistance, the result of the proceedings would have been different." *Recendiz*, 557 F.3d at 531. A "reasonable probability" that the result would have been different is a probability "sufficient to undermine confidence in the outcome." *Strickland*, 466

4

U.S. at 694. "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002).

In his motion pursuant to § 2255, Mr. Williams submits that he told Mr. Skodinski that his motion to suppress was wrongly denied and that he "wanted to present his case to the Court of Appeals." (DE 181 at 4.) In fact, Mr. Williams tried to file an interlocutory appeal, which the court of appeals rejected. He states that "[t]rial counsel convinced [him] to plead guilty, with the caveat that then he could appeal the denial of suppression. He later learned counsel made no such arrangement in the plea." (*Id*.) Mr. Williams assumes, purportedly on the authority of *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000), that, since he was deprived of the opportunity to appeal the Court's ruling on his motion to suppress, "prejudice is presumed regardless of the merits of the appeal." (DE 181 at 4.) Mr. Williams's contentions are insufficient to overcome the Government's request to dismiss his petition.

As a starting point, Mr. Williams misunderstands *Flores-Ortega*. In that case, the Supreme Court of the United States did not hold that, if an attorney fails to preserve an issue for an appeal, he's providing a *de facto* ineffective assistance of counsel to his client; rather, *Flores–Ortega* held "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480, 528. Here, there's no question that a notice of appeal was filed on behalf of Mr. Williams, so *Flores-Ortega* is inapplicable.

5

Next, Mr. Williams suggests that Attorney Skodinski's performance was constitutionally deficient because he misled him into believing that he could plead guilty and still preserve for appeal his motion to suppress. As it turned out, his guilty plea was unconditional. The government does not address Skodinski's performance in any detail, instead focusing its attention on the second prong of the *Strickland* test: prejudice. Yet, Mr. Williams's contention that his lawyer assured him that the suppression issue could be preserved for appeal is unsupported by any evidence, and the Seventh Circuit requires more than bare allegations, such as those stated in Mr. Williams's petition. Rather, "evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations." *Galbraith v. United States*, 313 F.3d 1001, 1008–09 (7th Cir. 2002) ("However, [defendant] provided the district court with no evidence whatsoever to support his allegations of counsel's deficient performance, save his naked assertions. Even if the Court did not decide that failure to inform a client that there were no exceptions to his guilty plea's waiver of an appeal was constitutionally deficient lawyering, [the defendant] presents no scintilla of evidence of the alleged omission of his lawyer."). But Mr. Williams has presented no sworn affidavit from either himself or Mr. Skodinski. In other words, there's not even a scintilla of evidence of the alleged omissions of his lawyer. *Cf. Galbraith*, 313 F.3d at 1008–09 ("[Defendant] presents no scintilla of evidence of the alleged omission of his lawyer."). Without evidentiary support for his claim, Mr. Williams's case cannot proceed any further. *Id.* at 1009 ("[Defendant] presents no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim. Without any such evidence, there is no clear error in the district court's denial.").

The same deficiency prevents the Court from holding an evidentiary hearing. *See id.* ("As this court has noted before, it is the rule of this court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions. [Defendant] presented no detailed and specific affidavit, merely bare allegations. And, therefore, he cannot meet the threshold requirement for securing an evidentiary hearing.") (quotation marks, citation, and brackets omitted). While evidentiary hearings are required if a § 2255 petitioner alleges facts that, if proven, would entitle him to relief, "the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Galbraith*, 313 F.3d at 1009; *see also Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) ("Accordingly, [the petitioner's] claim that his counsel rendered ineffective assistance at sentencing stands unsupported by 'actual proof of [his] allegations,' and he thus 'cannot meet the threshold requirement for securing an evidentiary hearing' on his § 2255 motion.") (citing *Galbraith*, 313 F.3d at 1009); *Isom v. United States*, 979 F. Supp. 2d 860, 864 (C.D. Ill. 2013) (although petitioner submitted an affidavit with this § 2255 motion, the affidavit was not based on personal knowledge leading the court to conclude that, without more, "there is nothing in the record to support Petitioner's claim"); *Williams v. United States*, No. 09 C 3329, 2010 WL 3307070, at *3 (N.D. Ill. Aug. 19, 2010) (denying petitioner's motion after finding his affidavit to be vague and conclusory); *cf. Estremera v. United States*, 724 F.3d 773, 779 (7th Cir. 2013) (finding the petitioner's detailed affidavit regarding his counsel's ineffective advice sufficient to warrant an evidentiary hearing).

But even if the Court were to find that Mr. Skodinski's performance was deficient because he told Mr. Williams that he could appeal the Court's ruling on his motion to suppress

despite the guilty plea, Mr. Williams would not be entitled to relief because he cannot establish the second part of the *Strickland* test: prejudice. As the Court noted already, "[p]rejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." *Galbraith*, 313 F.3d at 1008. Yet, there's no indication in Mr. Williams's filings that he would have gone to trial had he known that he was giving up his right to appeal the Court's suppression ruling. In other words, he is not seeking to withdraw his guilty plea. Instead, he makes clear in his petition that he wants the Court to grant his § 2255 motion not so that he could have a trial but so he can appeal the denial of his motion to suppress: "Therefore, movant asks that the Court grant the following relief: For the court to resentence him so he can take the direct appeal he wishes." (DE 181 at 4; *id*. at 12.) In a sense, Mr. Williams's objective is to have his cake and eat it, too: he wants to preserve the benefits that he received from a guilty plea without suffering any detriments, such as waiving all nonjurisdictional defects arising before his plea. *See United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011) ("When a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims."). According to Mr. Williams, Mr. Skodinski allegedly assured him that he could plead guilty while preserving his right to appeal, yet Mr. Skodinski failed to negotiate a conditional plea agreement with the government. Mr. Williams now wants the Court to step in and declare his plea to be conditional.

This the Court has no authority to do. Federal Rule of Criminal Procedure 11(a)(2) does allow for conditional pleas but only "[w]ith the consent of the court *and the government*." *Id*. (emphasis added). In such cases, a defendant may "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who

prevails on appeal may then withdraw the plea." *Id.* Thus, according to the plain language of the Rule, the Court may not force upon the Government a defendant's conditional plea; rather, such pleas require the Government's consent. In fact, the acquiescence must be unequivocal. *United States v. Adigun*, 703 F.3d 1014, 1019 (7th Cir. 2012) ("Rule 11(a)(2) requires "unequivocal government acquiescence.") (citing *United States v. Yasak*, 884 F.2d 996, 999 (7th Cir. 1989)). "The government could refuse to allow such a plea for any reason or for no reason at all." *United States v. Fisher*, 772 F.2d 371, 374 (7th Cir. 1985). Yet, Mr. Williams has not shown that the Government would have consented to a conditional plea. On the contrary, in its brief opposing Mr. Williams's § 2255 motion, the Government assures the Court that it would not have consented to a conditional plea. Of course, this statement is self-serving and the Court can ignore it for the purposes of Mr. Williams's motion, but the fact remains that Mr. Williams did not have even a standard plea agreement with the Government. When the parties reach a plea agreement, presumably, they each gain some benefit while giving up certain rights in return. And, if the Government was unwilling to enter into a standard plea agreement, it's difficult to see how it would have entered into a conditional plea agreement which would have conferred more benefits upon Mr. Williams than a standard one. *Cf. id.* ("At the very least, the government would not have accepted a 'deal' that it perceived made it worse-off (and conversely, [the defendant] better-off) than the one actually struck."). In light of all these considerations, the Court finds that Mr. Williams has failed to show that he has suffered any prejudice as a result of his guilty plea. *Cf. United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (noting that a defendant must present objective evidence that he would have gone to trial).

In addition, insofar as Mr. Williams believes that he was prejudiced by his inability to appeal the Court's ruling on his motion to suppress, he has not shown that he had a reasonable

probability to prevail on appeal. The Court held a suppression hearing, receiving into evidence witness testimony and video-recordings. The Court found that the arresting officers acted lawfully but, even if they didn't, no suppression of evidence was warranted because the attenuation doctrine applied. Mr. Williams, who is not a novice in self-representation, has not identified any error either in the Court's factual findings or conclusions of law. Furthermore, Mr. Williams has not pointed to any other evidence or legal argument that the Court did not consider. Accordingly, there is no basis to conclude that the Court of Appeals would rule any differently on the suppression issue, should it have the opportunity to consider it. In summary, Mr. Williams has not established that he would have gone to trial had he known that his guilty plea would prevent him appealing the suppression issue; or that the government would have consented to a conditional plea agreement; or that there's a likelihood of prevailing on appeal on the suppression issue. As a result, there is no "reasonable probability" that the result would have been different had he known that by pleading guilty he was giving up his right to appeal the Court's ruling on his motion to suppress. *See Strickland*, 466 U.S. at 694 (establishing prejudice requires a showing of "reasonable probability" that the result would have been different). This requires a dismissal of his § 2255 petition.

In his petition, Mr. Williams also claims that his appellate counsel was constitutionally ineffective because he failed to challenge the suppression issue on appeal. (DE 181 at 5.) But there's no deficient performance here as Mr. Williams's appellate counsel could not raise this issue on appeal. "When a defendant enters an unconditional guilty plea, he waives all nonjurisdictional defects arising before his plea, including Fourth Amendment claims." *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011). In addition, as noted above, Mr. Williams has not established that this Court wrongly decided his motion, so he cannot show prejudice.

With his petition, Mr. Williams has requested that counsel be appointed to represent him. However, counsel's assistance is not needed here because Mr. Williams, who is quite able to represent himself as he has done in the past in this case, has not met the threshold issue to proceed with this case. Accordingly, his motion for appointment of counsel will be denied.

### C.  Certificate of Appealability

The Court also declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

The Court advises Mr. Williams, though, that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Williams wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

**D.  Conclusion**

The Court DENIES Mr. Williams's motion to vacate under § 2255. (DE 184.) The Court also DENIES his request for counsel. (DE 182). Lastly, the Court DENIES the issuance of a certificate of appealability. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: June 13, 2022

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court

12